IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES W. MILLER
ADC # 105303                                                                                          PLAINTIFF

V.                                   5:05CV00348 SWW/JTR

SUSAN POTTS,
Administrator, Drew County Jail                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Grimes Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendant Susan Potts failed to provide him with adequate medical care while he was being held in the Drew County Detention Center ("DCDC"). *See* docket entry #2. Defendant has filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts. *See* docket entries #17, #18, and #19. Plaintiff has filed a Response. *See* docket entry #27. For the reasons set forth herein, the Court recommends that Defendant's Motion for Summary Judgment be granted, and that this case be dismissed, with prejudice.

## II. Undisputed Facts[1]

On September 28, 2005, Plaintiff was booked into the Drew County Detention Center on various criminal charges. *See* docket entry #18, Exs. 1 and 2. At that time, Plaintiff indicated that, earlier that day, he had received sutures for a stab wound to his upper right arm. *Id.*

The next day, on September 29, 2005, some of the sutures burst and a large hematoma began to protrude from Plaintiff's stab wound. *Id.,* Ex. 4. Accordingly, Plaintiff was admitted into the Drew County Memorial Hospital where he was treated with IV antibiotics and pain medications. *Id.* It is unclear how long Plaintiff remained in the hospital. However, he was released from custody at the DCDC on October 5, 2005. *Id.,* Ex. 1.

On November 17, 2005, Plaintiff was arrested and booked into the DCDC on new criminal charges. *Id.,* Ex. 5. At that time, Plaintiff indicated that he had a recent stab wound. *Id.* However, there is no evidence that Plaintiff requested medical care at that time.

On November 22, 25, 27, and 30, and December 1, 2005, Plaintiff submitted <u>five</u> separate Inmate Request Forms requesting to see a doctor because his stab wound had become infected and painful. *Id.*, Exs. 8 through 12. On each form, Defendant DCDC Administrator Potts indicated that she would make an appointment for Plaintiff to see a doctor. *Id.* Additionally, Plaintiff was given Tylenol and unspecified "pain relievers." *Id.*, Ex. 7.

---

[1] On April 26, 2006, the Court issued an Order directing Plaintiff to file a Response to Defendant's Motion for Summary Judgment. *See* docket entry #20. In that Order, the Court gave Plaintiff specific instructions on how to draft a Statement of Disputed Facts and advised him that the failure to file such a statement would result in "all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c)." *Id.* at 2. Nevertheless, Plaintiff did <u>not</u> file a Statement of Disputed Facts. Accordingly, all the facts set forth in Defendant's Statement of Indisputable Material Facts are deemed admitted by Plaintiff. *See* docket entry #18.

On December 7, 2005, Plaintiff was taken to see Dr. Randall McKiever, who is not a Defendant in this action. *Id.*, Ex. 13. Dr. McKiever noted that Plaintiff's right shoulder was tender to the touch. *Id.* However, there was "no increased warmth, redness, induration" or other indication that the stab wound was infected. *Id.* Additionally, Plaintiff's temperature and white blood cell count were normal. *Id.* Accordingly, Dr. McKiever instructed Plaintiff to take 800 mg of Ibuprofen. *Id.*

On January 9, 2006, Dr. McKiever examined Plaintiff in response to his complaints of continued right shoulder pain and other unrelated medical problems. *Id.*, Ex. 14. Plaintiff's temperature and white blood cell count were normal. *Id.* Accordingly, Dr. McKiever renewed Plaintiff's prescription for 800 mg of Ibuprofen, but otherwise did not provide any further treatment for his stab wound. *Id.* Importantly, from December 7, 2005 until he was released from the DCDC in January of 2006, jailers consistently provided Plaintiff with 800 mg of Ibuprofen, which he sometimes refused. *Id.*, Exs. 7 and 15.

### III.  Discussion

Plaintiff does <u>not</u> challenge the medical care he received for his stab wound. Instead, his <u>only</u> contention is that Defendant Potts denied him adequate medical care when she delayed taking him to see a doctor, from November 22, 2005, to December 7, 2005, even though he made five complaints that his stab wound had become infected and painful.[2]  *See* docket entries #2 and #27.

---

[2] In his Response to Defendant's Motion for Summary Judgment, Plaintiff states that there was a twenty-day delay. *See* docket entry #27. Presumably, Plaintiff calculates twenty days by starting on November 17, 2005, which is the day that he was booked into the DCDC for the second time. However, the <u>unrefuted</u> evidence is that Plaintiff did not request to see a doctor for treatment of what he believed was an infected stab wound until November 22, 2005. *See* docket entry #18. Thus, at most, the delay was fifteen days.

Defendant argues that she is entitled to summary judgment, as a matter of law, on Plaintiff's inadequate medical care claim. *See* docket entries #17, #18, and #19. The Court concludes that this argument is well taken.

In order to establish an inadequate medical care claim, a prisoner must demonstrate that: (1) he had or has an objectively serious medical need; and (2) prison officials actually knew of and deliberately disregarded that serious medical need.[3] *Estelle v. Gamble*, 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Specifically, a delay in medical treatment is actionable only if a prisoner presents "verifying medical evidence" that the defendants "ignored an acute or escalating situation or that the delays adversely affected his prognosis." *Dulany,* 132 F.3d at 1243; *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995).

Although he has been given the opportunity to do so, Plaintiff has failed to come forward with <u>any</u> <u>medical</u> <u>evidence</u> demonstrating that: (1) Defendant Potts ignored an acute or escalating situation; or (2) Plaintiff's prognosis was adversely affected by the fifteen-day delay in taking him to see Dr. McKiever. To the contrary, the unrefuted evidence demonstrates that Dr. McKiever did <u>not</u> find that Plaintiff's wound had become infected. Instead, Dr. McKeiver merely prescribed pain medications, which Plaintiff sometimes refused. Accordingly, the Court concludes, as a matter of law, that Defendant is entitled to summary judgment on Plaintiff's inadequate medical care claim.

---

[3] Because Plaintiff was a pretrial detainee during the relevant time period, his inadequate medical care claim is governed by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. However, in the absence of a clearly established Fourteenth Amendment standard, the Eighth Circuit has applied the Eighth Amendment's deliberate indifference standard to determine whether jail officials have failed in their duty to provide adequate medical care to pretrial detainees. *Hott v. Hennepin County,* 260 F.3d 901, 905 (8th Cir. 2001); *Davis v. Hall,* 992 F.2d 151, 153 (8th Cir. 1993).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (docket entry #17) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 24th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE